1   Mario Moore (231644)
    mario.moore@morganlewis.com
2   MORGAN, LEWIS & BOCKIUS LLP
    5 Park Plaza, Suite 1750
3   Irvine, CA 92614
    Tel: 949.399.7000
4   Fax: 949.399.7001

5   James A. Glenn (*Pro Hac Vice* pending)
    jglenn@morganlewis.com
6   Michael L. Raspino (262037)
    mraspino@morganlewis.com
7   MORGAN LEWIS & BOCKIUS LLP
    1000 Louisiana St., Suite 4000
8   Houston, TX 77002
    Tel: 713.890.5000
9   Fax: 713.890.5001

10  Attorneys for Harte-Hanks Plaintiffs

11              **UNITED STATES DISTRICT COURT**

12              **CENTRAL DISTRICT OF CALIFORNIA**

13                    **SOUTHERN DIVISION**

14  HARTE-HANKS DIRECT, INC., HARTE-        **SACV13-649 DOC(ANx)**
    HANKS DIRECT                            Case No.
15  MARKETING/BALTIMORE, INC.,
    HARTE-HANKS DIRECT                      **HARTE-HANKS'S**
16  MARKETING/CINCINNATI, INC.,             **COMPLAINT FOR**
    HARTE-HANKS DIRECT                      **DECLARATORY RELIEF**
17  MARKETING/DALLAS, INC., HARTE-
    HANKS DIRECT
18  MARKETING/FULLERTON, INC.,
    HARTE-HANKS DIRECT
19  MARKETING/JACKSONVILLE, LLC,
    HARTE-HANKS DIRECT
20  MARKETING/KANSAS CITY, LLC AND
    HARTE-HANKS PRINT, INC.,
21
22                  Plaintiffs,

23          v.

24  SECURED MAIL SOLUTIONS, INC.

25                  Defendant.

26
27
28

Morgan, Lewis &                              HARTE-HANKS'S COMPLAINT FOR
BOCKIUS LLP                                     DECLARATORY JUDGMENT
ATTORNEYS AT LAW

1    Defendants Harte-Hanks, Inc., Harte-Hanks Direct, Inc.; Harte-Hanks Direct

2  Marketing/Baltimore, Inc.; Harte-Hanks Direct Marketing/Cincinnati, Inc.; Harte-

3  Hanks Direct Marketing/Dallas, Inc.; Harte-Hanks Direct Marketing/Fullerton Inc.,

4  Harte-Hanks Direct Marketing/Jacksonville, LLC; Harte-Hanks Direct

5  Marketing/Kansas City, LLC; and Harte-Hanks Print, Inc. (individually and

6  collectively, "Harte-Hanks") hereby assert the following claims against Secured

7  Mail Solutions, LLC ("SMS"):

8                                           **PARTIES**

9          1.      Harte-Hanks, Inc. is a Delaware corporation and maintains its principal

10  place of business at 9601 McAllister Freeway, Suite 610, San Antonio, Texas

11  78216.

12         2.      Harte-Hanks Direct, Inc. is a New York corporation and maintains its

13  principal place of business at 777 Township Line Road, Suite 300, Yardley,

14  Pennsylvania 19067.

15         3.      Harte-Hanks Direct Marketing/Baltimore, Inc. is a Maryland

16  corporation and maintains its principal place of business at 4545 Annapolis Road,

17  Baltimore, Maryland 21227.

18         4.      Harte-Hanks Direct Marketing/Cincinnati, Inc. is an Ohio corporation

19  and maintains its principal place of business at 2950 Robertson Avenue, Cincinnati,

20  Ohio 45209.

21         5.      Harte-Hanks Direct Marketing/Dallas, Inc. is a Delaware corporation

22  and maintains its principal place of business at 2750 114th Street, Suite 100, Grand

23  Prairie, Texas 75050.

24         6.      Harte-Hanks Direct Marketing/Fullerton, Inc. is a California

25  corporation and maintains its principal place of business at 2337 West

26  Commonwealth Avenue, Fullerton, California 92833.

27

28

1    7.    Harte-Hanks Direct Marketing/Jacksonville, LLC is a Delaware

2    limited-liability company and maintains its principal place of business at 7498

3    Fullerton Street, Bldg 600, Jacksonville, Florida 32256.

4    8.    Harte-Hanks Direct Marketing/Kansas City, LLC is a Delaware

5    limited-liability company and maintains its principal place of business at 7801

6    Nieman, Shawnee, Kansas 66214.

7    9.    Harte-Hanks Print, Inc. is a New Jersey corporation and maintains its

8    principal executive offices at 9601 McAllister Freeway, Suite 610, San Antonio,

9    Texas 78216.

10    10.    SMS has previously alleged that it is a Nevada limited liability

11    company having a principal place of business at 9550 S. Eastern Ave., Suite 253,

12    Las Vegas, NV 89123.

13    **JURISDICTION AND VENUE**

14    11.    This action arises under the United States patent laws, 35 U.S.C. § 101

15    *et seq.*, and seek declaratory relief for which this Court has subject matter

16    jurisdiction pursuant to 35 U.S.C. §§ 271 and 281, and 28 U.S.C. §§ 1331, 1338,

17    2201, and 2202.

18    12.    An actual justiciable controversy exists under the Declaratory

19    Judgment Act with respect to the alleged infringement, validity, and enforceability

20    of U.S. Patent No. 8,260,629 ("the '629 Patent") and U.S. Patent No. 8,429,093

21    ("the '093 Patent) (collectively the "Asserted Patents").

22    13.    The Court has personal jurisdiction over SMS, which has previously

23    filed civil actions in this district.

24    14.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§

25    1391(b) & (c).

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

2

HARTE-HANKS'S COMPLAINT FOR
DECLARATORY JUDGMENT

## GENERAL ALLEGATIONS

15.     In a letter from Dawn Sesito to Mario Moore dated April 23, 2013 (attached as Exhibit A), SMS asserts that Harte-Hanks has infringed the '629 patent and the '093 patent.

16.     The '629 patent and the '093 patent are invalid, unenforceable, and/or have not and are not directly, indirectly, or jointly infringed by Harte-Hanks.

17.     Consequently, there is an actual case or controversy between the parties over the non-infringement, invalidity, and unenforceability of the '629 patent and the '093 patent.

## FIRST CLAIM FOR RELIEF

### (Declaration Of Non-infringement Of U.S. Patent No. 8,260,629)

18.     Harte-Hanks realleges and incorporates by reference the allegations of paragraphs 1-17 as though fully set forth herein.

19.     There is an actual, substantial, and continuing justiciable controversy between SMS and Harte-Hanks regarding infringement of the claims of the '629 patent.

20.     Harte-Hanks does not directly, indirectly, or jointly infringe—either literally or under the doctrine of equivalents—any valid, enforceable claim of the '629 patent.

21.     A judicial determination and declaration of the respective rights and duties of the parties in this regard are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

## SECOND CLAIM FOR RELIEF

### (Declaration Of Invalidity Of U.S. Patent No. 8,260,629)

22.     Harte-Hanks realleges and incorporates by reference the allegations of paragraphs 1-21 as though fully set forth herein.

23.     There is an actual, substantial, and continuing justiciable controversy between SMS and Harte-Hanks regarding the validity of the claims of the '629

1    patent.  Absent a declaration of invalidity, Plaintiff will continue to wrongfully

2    assert the '629 patent against Harte-Hanks and its products and/or services, and

3    thereby cause Harte-Hanks irreparable injury and damage.

4        24.    The claims of the '629 patent are invalid for failure to satisfy the

5    requirements of Title 35 of the United States Code, including without limitation,

6    one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

7        25.    A judicial determination and declaration of the respective rights and

8    duties of the parties in this regard are necessary and appropriate at this time so that

9    the parties may ascertain their respective rights and duties.

10                    **THIRD CLAIM FOR RELIEF**

11    **(Declaration Of Non-infringement Of U.S. Patent No. 8,429,093)**

12        26.    Harte-Hanks realleges and incorporates by reference the allegations of

13    paragraphs 1-25 as though fully set forth herein.

14        27.    There is an actual, substantial, and continuing justiciable controversy

15    between SMS and Harte-Hanks regarding infringement of the claims of the '093

16    patent.

17        28.    Harte-Hanks does not directly, indirectly, or jointly infringe—either

18    literally or under the doctrine of equivalents—any valid, enforceable claim of the

19    '093 patent.

20        29.    A judicial determination and declaration of the respective rights and

21    duties of the parties in this regard are necessary and appropriate at this time so that

22    the parties may ascertain their respective rights and duties.

23                    **FOURTH CLAIM FOR RELIEF**

24    **(Declaration Of Invalidity Of U.S. Patent No. 8,429,093)**

25        30.    Harte-Hanks realleges and incorporates by reference the allegations of

26    paragraphs 1-29 as though fully set forth herein.

27        31.    There is an actual, substantial, and continuing justiciable controversy

28    between SMS and Harte-Hanks regarding the validity of the claims of the '093

1   patent. Absent a declaration of invalidity, Plaintiff will continue to wrongfully

2   assert the '093 patent against Harte-Hanks and its products and/or services, and

3   thereby cause Harte-Hanks irreparable injury and damage.

4       32.   The claims of the '093 patent are invalid for failure to satisfy the

5   requirements of Title 35 of the United States Code, including without limitation,

6   one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

7       33.   A judicial determination and declaration of the respective rights and

8   duties of the parties in this regard are necessary and appropriate at this time so that

9   the parties may ascertain their respective rights and duties.

10                **DEMAND FOR JURY TRIAL**

11      34.   Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Harte-

12  Hanks demands a trial by jury of this action.

13                **PRAYER FOR RELIEF**

14      35.   WHEREFORE, Harte-Hanks prays that this Court enter judgment:

15      a.   declaring that Harte-Hanks has not infringed and does not

16  infringe any claim of the '629 patent;

17      b.   declaring that Harte-Hanks has not infringed and does not

18  infringe any claim of the '093 patent;

19      c.   declaring that the claims of the '629 patent are invalid;

20      d.   declaring that the claims of the '093 patent are invalid;

21      e.   permanently enjoining SMS, its successors and assigns, and

22  anyone acting in concert therewith or on its behalf, from attempting to

23  enforce the '629 patent and/or the '093 patent against Harte-Hanks or any

24  parents, affiliates, or subsidiaries of Harte-Hanks or their respective officers,

25  agents, employees, successors, and assigns;

26      f.   finding that this case is exceptional and awarding Harte-Hanks

27  its respective costs and expenses, including reasonable attorneys' fees, in

28  accordance with the provisions of 35 U.S.C. § 285 or other statutes; and

1          g.    awarding Harte-Hanks any other relief, in law and in equity, to

2    which the Court finds Harte-Hanks is justly entitled.

Dated:  April 24, 2013

MORGAN, LEWIS & BOCKIUS LLP
MARIO MOORE

By _____
       MARIO MOORE (231644)

James A. Glenn (*pro hac vice* pending)
jglenn@morganlewis.com
Michael L. Raspino (262037)
mraspino@morganlewis.com
MORGAN LEWIS & BOCKIUS LLP
1000 Louisiana St., Suite 4000
Houston, TX  77002
Tel: 713.890.5000
Fax: 713.890.5001

mario.moore@morganlewis.com
5 Park Plaza, Suite 1750
Irvine, CA 92614
Tel: 949.399.7000
Fax: 949.399.7001

Attorneys for Harte-Hanks Plaintiffs

# EXHIBIT A



# O'MELVENY & MYERS LLP

BEIJING

BRUSSELS

CENTURY CITY

HONG KONG

JAKARTA†

LONDON

NEWPORT BEACH

400 South Hope Street
Los Angeles, California 90071-2899

TELEPHONE (213) 430-6000
FACSIMILE (213) 430-6407
www.omm.com

NEW YORK

SAN FRANCISCO

SHANGHAI

SILICON VALLEY

SINGAPORE

TOKYO

WASHINGTON, D.C.

OUR FILE NUMBER
772,113-1

WRITER'S DIRECT DIAL
(213) 430-6352

WRITER'S E-MAIL ADDRESS
dsestito@omm.com

April 23, 2013

**VIA EMAIL AND FIRST CLASS MAIL**

Mario Moore, Esq.
MORGAN, LEWIS & BOCKIUS LLP
5 Park Plaza, Suite 1750
Irvine, CA 92614-3508

> **Re:** *Harte-Hanks' Infringement of U.S. Pat. Nos. 8,260,629 and 8,429,093*

Dear Mr. Moore:

Secured Mail Solutions ("SMS") has recently discovered that Harte-Hanks, Inc., Harte-Hanks Direct, Inc., Harte-Hanks Direct Marketing/Baltimore, Inc., Harte-Hanks Direct Marketing/Cincinnati, Inc., Harte-Hanks Direct Marketing/Dallas, Inc., Harte-Hanks Direct Marketing/Fullerton, Inc., Harte-Hanks Direct Marketing/Jacksonville, LLC, Harte-Hanks Direct Marketing/Kansas City, LLC, and Harte-Hanks Print, Inc. (collectively "Harte-Hanks") is making, using, selling, and offering for sale a system and method for generating, affixing, and/or processing mail data that, pursuant to 35 U.S.C. § 271, infringe multiple claims of U.S. Pat. No. 8,260,629 ("the '629 Patent") and U.S. Pat. No. 8,429,093 ("the '093 Patent) (collectively the "Asserted Patents"), copies of which are attached hereto. For example, Harte-Hanks uses certain hardware and/or software ("Infringing Products") to generate various barcodes, including personalized quick response ("QR") codes. The Infringing Products are then used to affix each personalized QR code onto a mail object and store related electronic data in a storage device. The Infringing Products are then used to provide the related electronic data to a reception device (*e.g.*, smart phone, etc.) in response to the reception device scanning the personalized QR code on the mail object.

Such features can be seen, for example, in Claim 10 of the '093 Patent. Claim 10 recites a system for providing electronic data (*e.g.*, a web page, etc.) to a recipient of a mail object, said mail object including a barcode (*e.g.*, a QR code, etc.) that includes at least a first set of mail data (*e.g.*, a personalized uniform resource locator ("PURL"), a uniform resource locator ("URL")

together with data on a recipient of the mail object (*e.g.*, their name, address, account number, unique identifier, tracking code, etc.), etc.), comprising:  at least one database for storing at least said electronic data, a first mail device (*e.g.*, a first computing device), a second mail device (*e.g.*, a second computing device), and at least one application operating on at least said first mail device, said at least one application being configured to:  use at least the first set of mail data to generate said barcode (*e.g.*, generate the QR code, etc.); and affix said barcode to said mail object (*e.g.*, affix the QR code on the mail object, etc.), said mail object being submitted to a mail carrier for delivery to a recipient of said mail object; at least one other application operating on at least said second mail device, said at least one other application being in communication with said database and a reception device of said recipient (*e.g.*, a smart phone, etc.) having at least a scanner and a display, and being configured to:  receive said first set of mail data from said reception device (*e.g.*, receive the PURL from the smart phone, receiving the URL and recipient data from the smart phone, etc.), said first set of mail data including personalized data corresponding to said recipient of said physical mail object (*e.g.*, the PURL, the recipient data, etc.); and provide said electronic data to said reception device via said network in response to receiving said first set of mail data (*e.g.*, providing the web page identified by the PURL or URL to the smart phone, etc.), said electronic data including a content of said physical mail object (*e.g.*, the web page for the mail object clearly includes data on a content of the mail object, etc.).

Such features can also be seen, for example, in Claim 1 of the '629 Patent.  Claim 1 recites a method for providing electronic data (*e.g.*, a web page, etc.) to a recipient of a physical mail object, said electronic data corresponding to a content of said physical mail object (*e.g.*, the web page for the mail object clearly includes data on a content of the mail object, etc.), comprising:  affixing a single barcode (*e.g.*, a QR code, etc.) to an outer surface of said physical mail object, said single barcode including at least a first set of mail data (*e.g.*, a PURL, a URL together with recipient data, etc.), said first set of mail data including recipient data, said recipient data corresponding to said recipient of said physical mail object; storing said electronic data in at least one database; delivering said physical mail object to said recipient via a mail carrier; using a reception device (*e.g.*, a smart phone, etc.) to scan said single barcode to retrieve said first set of mail data; sending by said reception device said first set of mail data to a mail device (*e.g.*, a computing device, etc.) via a network (*e.g.*, the Internet, etc.); receiving by said mail device said first set of mail data (*e.g.*, receiving the PURL, URL and recipient data, etc.); providing by said mail device said electronic data to said reception device via said network (*e.g.*, providing the web page identified by the PURL or URL to the smart phone, etc.), wherein said electronic data is retrieved from said at least one database and provided to said reception device in response to receiving said first set of mail data, including said recipient data; receiving by said reception device said electronic data, said reception device including a display; and providing by said reception device said electronic data to said recipient of said physical mail object by displaying said electronic data on said display via a web browser (*e.g.*, displaying the web page on the display of the smart phone, etc.); wherein said electronic data corresponds to data that is included inside said physical mail object (*e.g.*, the web page for the mail object clearly includes data corresponding to data that is inside the mail object, etc.).

O'MELVENY & MYERS LLP
Mario Moore, Esq., April 23, 2013 - Page 3


     While SMS believes that the Infringing Products are used by Harte-Hanks, and therefore constitute acts of direct infringement, SMS further believes that Harte-Hanks contributed to and induced others (*e.g.*, its customers, recipients of mail objects, etc.) to infringe the Asserted Patents. This is done, for example, by inducing customers and recipients to participate in a personalized QR code program (*e.g.*, inducing customers to store the electronic data in a storage device and provide the electronic data to the reception device, inducing recipients to scan the personalized QR codes, etc.). Because the Infringing Products are not a staple article of commerce suitable for substantial non-infringing use, and because they were especially made or adapted for use to infringe the Asserted Patents, or to allow others to infringe the Asserted Patents, Harte-Hanks' actions constitute acts of at least indirect infringement.

     Evidence of the direct and indirect infringement for Harte-Hanks can be found on Harte-Hanks' website (http://www.harte-hanks.com/static/base/qrcode-wp.pdf). For example, the website describes various barcodes used by Harte-Hanks, including personalized QR codes. The website states that "QR codes contain URLs and tracking codes, but can also contain names, addresses and other personalized data." The website further states that "[w]hen a marketer knows who they are sending a QR code to, they have the opportunity to personalize and customize the experience accordingly. QR codes can hold names, addresses or any data at all."

     In light of the foregoing, SMS is prepared to offer Harte-Hanks the opportunity to obtain a royalty bearing license under the Asserted Patents, which would allow Harte-Hanks to make, use, sell and offer for sale the Infringing Products throughout the United States. If Harte-Hanks is interested in licensing the Asserted Patents, please contact the undersigned counsel by May 3, 2013. Otherwise, if we do not hear from you by May 3, we will assume that Harte-Hanks is not interested in licensing the Asserted Patents. At that time, SMS may pursue all available legal and equitable remedies against Harte-Hanks and any individuals who have participated in the infringing activities, including treble damages for Harte-Hanks' willful conduct pursuant to 35 U.S.C. § 284, and attorneys' fees and costs pursuant to 35 U.S.C. § 285.


                            Sincerely,

                            */s/ Dawn Sestito*

                            Dawn Sestito
                            of O'MELVENY & MYERS LLP

US008260629B2

## (12) United States Patent
### Fitzsimmons

(10) **Patent No.:** **US 8,260,629 B2**

(45) **Date of Patent:** **Sep. 4, 2012**

---

(54) **SYSTEM AND METHOD FOR PROVIDING AN ADVERTISEMENT TO A RECIPEINT OF A PHYSICAL MAIL OBJECT**

(76) Inventor: **Todd E. Fitzsimmons**, Long Beach, CA (US)

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 0 days.

(21) Appl. No.: **13/297,515**

(22) Filed: **Nov. 16, 2011**

(65) **Prior Publication Data**

US 2012/0066036 A1    Mar. 15, 2012

**Related U.S. Application Data**

(63) Continuation of application No. 12/454,052, filed on May 11, 2009, now Pat. No. 8,073,787, which is a continuation of application No. 10/271,471, filed on Oct. 15, 2002, now Pat. No. 7,818,268.

(60) Provisional application No. 60/330,031, filed on Oct. 16, 2001.

(51) **Int. Cl.**
| | |
|---|---|
| *G06Q 10/00* | (2012.01) |
| *G06Q 30/00* | (2012.01) |
| *G06F 17/00* | (2006.01) |
| *G06F 15/16* | (2006.01) |

(52) **U.S. Cl.** ..................... **705/1.1;** 705/14.26; 705/26.1; 705/330; 705/408; 709/218

(58) **Field of Classification Search** .................. 705/1.1, 705/14.26, 26.1, 330, 408; 709/218
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | | |
|---|---|---|---|---|---|
| 5,938,727 | A * | 8/1999 | Ikeda | ............................. | 709/218 |
| 7,062,474 | B1 * | 6/2006 | Reiter | ............................. | 705/408 |
| 7,424,443 | B2 * | 9/2008 | Yanagisawa et al. | ........... | 705/16 |

| | | | | | |
|---|---|---|---|---|---|
| 7,761,326 | B2 * | 7/2010 | Miyaoku et al. | ........... | 705/14.39 |
| 2001/0053980 | A1 * | 12/2001 | Suliman et al. | ................... | 705/1 |
| 2001/0054064 | A1 * | 12/2001 | Kannan | ........................... | 709/203 |
| 2002/0026359 | A1 * | 2/2002 | Long et al. | ...................... | 705/14 |
| 2002/0035578 | A1 * | 3/2002 | Stratigos et al. | ......... | 707/500.1 |
| 2002/0046094 | A1 * | 4/2002 | Takekuma | ...................... | 705/14 |
| 2002/0077895 | A1 * | 6/2002 | Howell | ........................... | 705/14 |
| 2002/0111918 | A1 * | 8/2002 | Hoshino et al. | ............... | 705/65 |
| 2002/0143624 | A1 * | 10/2002 | Catan | ........................... | 705/14 |
| 2002/0165768 | A1 * | 11/2002 | Haraguchi et al. | ........... | 705/14 |
| 2002/0169623 | A1 * | 11/2002 | Call et al. | ...................... | 705/1 |
| 2002/0198777 | A1 * | 12/2002 | Yuasa | ........................... | 705/14 |
| 2003/0103644 | A1 * | 6/2003 | Klayh | ........................... | 382/100 |
| 2003/0182148 | A1 * | 9/2003 | Kadowaki | ...................... | 705/1 |
| 2005/0096988 | A1 * | 5/2005 | Yanagisawa et al. | ........... | 705/16 |
| 2006/0106623 | A1 * | 5/2006 | Lebaschi | ...................... | 705/1 |
| 2007/0109262 | A1 * | 5/2007 | Oshima et al. | ............... | 345/156 |

FOREIGN PATENT DOCUMENTS

FR    2729238  A1 *  7/1996

* cited by examiner

Primary Examiner — Fadey Jabr

(57)    **ABSTRACT**

A system and method is provided for transmitting data (e.g., an advertisement, etc.) over a wide area network, such as the Internet, in response to receiving and authenticating at least a portion of mail data. In one embodiment of the present invention, a mail verification application is adapted to store mail data in memory. The mail data is then affixed to a mail object. The mail object is then manually delivered to a recipient. The mail data is then provided to a reception device. The reception device, which communicates with the mail ID device over a wide area network, transmits the mail data to the mail verification application operating on a mail device. The mail verification application then compares the received data with the data stored in memory. If the received mail data is authenticated, data (e.g., an advertisement, etc.) is sent to the reception device.

**20 Claims, 3 Drawing Sheets**





FIG. 1

FIG. 2

U.S. Patent

Sep. 4, 2012

Sheet 2 of 3

US 8,260,629 B2



FIG. 3



FIG. 4

US 8,260,629 B2

1

# SYSTEM AND METHOD FOR PROVIDING AN ADVERTISEMENT TO A RECIPIENT OF A PHYSICAL MAIL OBJECT

## CROSS-REFERENCE TO RELATED APPLICATION

This application is a continuation of U.S. patent application. Ser. No. 12/454,052, filed May 11, 2009 now U.S. Pat. No. 8,073,787, which is a continuation of U.S. patent application Ser. No. 10/271,471, filed Oct. 15, 2002, and issued on Oct. 19, 2010 as U.S. Pat. No. 7,818,268, which claims the benefit pursuant to 35 U.S.C. §119(e) of U.S. Provisional Patent Application No. 60/330,031 filed Oct. 16, 2001, which applications are specifically incorporated herein, in their entirety, by reference.

## BACKGROUND OF THE INVENTION

1. Field of the Invention

The present invention relates to mail verification, and more particularly to a system and method of authenticating at least one mail object by providing at least a portion of mail identification data over a wide area network, such as the Internet, in order to receive mail verification data.

2. Description of Related Art

Currently there are two ways to provided mail objects (e.g., letters, documents, packages, etc.) to an end user; that being electronically (e.g., email, etc.) and through traditional mail services (e.g., U.S. Postal Service, Federal Express, UPS, Courier, etc.). However, because certain mail objects cannot be delivered electronically (either because its impossible or impractical), they are delivered using traditional mail services.

There are several problems with delivering mail objects through traditional mail services. First, the mail object is typically secured inside packaging (e.g., envelops, boxes, etc.) before it is provided to the mail service. Thus, neither the mail service nor the recipient is aware of the contents of the package until such package is opened by the recipient. This creates a problem in that hazardous mail objects (i.e., Anthrax, explosives, etc.) are not detected until they are opened by the recipient, thus exposing the recipient to the hazardous material. It also creates a problem in that mail objects (in general) are not known until they are opened by the recipient, thus making it difficult for the recipient (or his designee) to properly screen, sort or avoid certain mail objects (e.g., offensive mail, annoying mail, etc).

Second, a manually delivered mail object is limited to a one-way production of a finite set of information and/or products. This becomes problematic when the sender of the mail object is interested in providing or receiving additional information (e.g., product instructions, warranty information, etc.). Finally, contents that can be delivered electronically (e.g., advertisements, software, etc.) are often included in mail objects that are delivered via traditional mail services. The drawback with this is that it increases the cost associated with producing and/or delivering the mail object and increase the size of the mail object. For at least these reasons, a need exists in the industry for a system and method of providing mail verification data in response to receiving mail ID data over a wide area network, such as the Internet.

## SUMMARY OF THE INVENTION

The present invention provides a system and method for providing mail verification data over a wide area network,

2

such as the Internet, in response to receiving and authenticating at least a portion of mail identification (ID) data. Preferred embodiments of the present invention operate in accordance with at least one reception device, a mail identification (ID) device, a memory, and a mail verification application adapted to communicate with the reception device over a wide area network, such as the Internet. Specifically, the mail verification application is adapted to store at least a verifying portion of mail ID data in memory. In one embodiment of the present invention, the verifying portion of the mail ID data includes an identifiable code portion (e.g., an alpha code, a numeric code, an alphanumeric code, a symbolic code, a digital code, etc.), a shipping portion (e.g., ship date, shipping location, shipping method, etc.) and/or a recipient portion (e.g., the recipients name, address, email address, IP address, account number, social security number, etc.). The mail ID data is then affixed to a mail object. The mail object, which may further include a mail-to-address, a return-mail-address, and/or postage, is then manually delivered to a recipient. In one embodiment of the present invention, the mail ID data further includes mail-to-address data, return-mail-address data, and/or postage data.

At least an authenticating portion of the mail ID data is then provided to the reception device. The reception device, which communicates with the mail ID device over a wide area network, transmits at least the authenticating portion of the mail ID data to the mail verification application operating on the mail ID device. The mail verification application then compares the authenticating portion of the mail ID data with the verifying portion stored in memory. If the authenticating portion corresponds to the verifying portion (e.g., matches, is reasonably related, etc.), then mail verification data is sent to the reception device. In one embodiment of the present invention, at least a portion of the mail verification data includes authenticating data (indicating that the mail ID data has been authenticated), securing data (indicating who secured the mail object), sender data (indicating who sent the mail object), recipient data (indicating the intended recipient of the mail object) and/or additional data (e.g., the contents of the mail object, downloadable product data, sender web-page information, third party advertisements, etc).

In one embodiment of the present invention, the mail ID device further includes an input device adapted to provide at least a verifying portion of the mail ID data to the mail verification application and/or an output device adapted to affix the mail ID data on the mail object. In another embodiment of the present invention, the reception device includes an input device adapted for receiving at least an authenticating portion of the mail ID data from the mail object and/or a mail authenticating application adapted to receive at least the authenticating portion of the mail ID data from the input device and provide at least the authenticating portion of the mail ID data to the mail ID device. In another embodiment of the present invention, the U.S. Postal Service (or an interim authenticating or screening entity) is the recipient of the mail object, thus interacting with the reception device to receive mail verification data.

A more complete understanding of the system and method for providing mail verification data in response to receiving at least a portion of mail ID data will be afforded to those skilled in the art, as well as a realization of additional advantages and objects thereof, by a consideration of the following detailed description of the preferred embodiment. Reference will be made to the appended sheets of drawings which will first be described briefly.

## BRIEF DESCRIPTION OF THE DRAWINGS

FIG. 1 illustrates one embodiment of the mail verification system.

3

FIG. 2 illustrates a mail ID device communicating with a plurality of reception devices over a wide area network, such as the Internet.

FIG. 3 illustrates one embodiment of the mail ID device and the reception device depicted in FIG. 1.

FIG. 4 is a flow chart illustrating one method of providing mail verification data in response to receiving at least a portion of mail ID data.

DETAILED DESCRIPTION OF THE PREFERRED EMBODIMENT

The present invention provides a system and method for providing mail verification data over a wide area network, such as the Internet, in response to receiving and authenticating at least a portion of mail identification (ID) data. In the detailed description that follows, like element numerals are used to describe like elements illustrated in one or more figures.

Preferred embodiments of the present invention operate in accordance with at least one reception device, a mail identification (ID) device, a memory, and a mail verification application adapted to communicate with the reception device over a wide area network, such as the Internet. FIG. 1 illustrates one embodiment of the mail verification system 10, which includes a mail ID device 110 and a reception device 120 communicating through a wide area network 102, such as the Internet. It should be appreciate, as depicted in FIG. 2, that the reception device(s) 120 includes, but is not limited to, personal computers, set top boxes, personal digital assistances (PDAs), mobile phones, land-line phones, televisions, bar code readers, and all other physically and wirelessly connected reception devices generally known to those skilled in the art. It should further be appreciated that the number of reception devices 120 depicted in FIGS. 1 and 2 are merely to illustrate how the present invention operates, and are not intended to further limit the present invention.

As shown in FIG. 3, the mail ID device 110 further includes a mail verification application 112 and a memory 114. The mail verification application 112 is adapted to store at least a portion (i.e., a verifying portion) of mail ID data in the memory 114, receive at least a portion (i.e., an authenticating portion) of mail ID data from the reception device 120, and provide mail verification data if the portion of the mail ID data received from the reception device 120 is authenticated. It should be appreciated that the mail verification application 112 may further be adapted to generate the mail ID data and provide it to an external device (e.g., a printer, etc.) or receive at least a verifying portion of the mail ID data from an external device (e.g., a scanner, etc.). It should also be appreciated that the mail verification application 112 may exist as a single application, or as multiple applications (locally and/or remotely stored) that operate together to perform the verification functions as described herein. It should further be appreciated that the location of the memory device 114 depicted in FIG. 3 is not intended to further limit the present invention. Thus, a memory device that is, for example, external to the mail ID device 110 is within the spirit and scope of the present invention.

Referring back to FIG. 1, where the dashed arrows indicate data transactions and the solid arrow indicates physical movement, mail ID data 132 is affixed to a mail object 130 (as used in its broader sense to encompass the packaging that surrounds the content). It should be appreciated that mail ID data can be encoded/encrypted (e.g., using bar code data, digital data, etc.) to prevent fraudulent usage. It should further be appreciated that affixing the mail ID data 132 on the mail

4

object 130 includes, but is not limited to, printing or attaching mail ID data directly on the outer surface of the mail object 130 or printing/storing the mail ID data 132 on labels, ICs, smart cards, RFID tags, or any other data storage devices (or materials) generally known to those skilled in the art, and attaching them to the outer surface of the mail object 130. It should also be appreciated that the location of the mail ID data 132 on the mail object 130 in FIG. 1 is merely to exemplify how the invention operates, and is not intended to further limit the present invention. Thus, affixing the mail ID data 132 in some other location, such as over the sealing flap of an envelope, is within the spirit and scope of this invention.

At least a portion (i.e., a verifying portion) of the mail ID data 132 (either before or after the mail ID data is affixed) is stored in the mail ID device 110, or more particular (as shown in FIG. 3) in a memory 114 located within the mail ID device 110. Specifically, the mail verification application 112 either receives or generates at least the verifying portion of the mail ID data 132. The verifying portion is then stored in the memory 114. In one embodiment of the present invention, the verifying portion of the mail ID data includes a identifiable code portion (e.g., an alpha code, a numeric code, and alphanumeric code, a symbolic code, a digital code, etc.), a shipping portion (e.g., ship date, shipping location, shipping method, etc.), and/or a recipient portion (e.g., the recipients name, address, email address, IP address, account number, social security number, etc.). The mail object 130, which may further include a mail-to-address 134, a return-mail-address 136, and/or postage 138, can then be manually delivered to a recipient. It should be appreciated that the mail ID data 132 can also be encoded (e.g., in a bar code, etc.) to include mail-to-address data, return-mail-address data, and/or postage data. In other words, for example, mail ID data could be encoded to include both coded data and postage-account data.

Once the recipient (or their designee) receives the mail object 130, at least an authenticating portion of the mail ID data 132 is provided to the reception device 120. The reception device 120, which communicates with the mail ID device 110 over a wide area network 102, transmits at least the authenticating portion of the mail identification data to the mail verification application 112 operating on the mail ID device 110. The mail verification application 112 then compares the authenticating portion of the mail ID data with the verifying portion stored in memory 114. If the received portion is authenticated, or corresponds to the verifying portion (e.g., matches, is reasonably related, etc.), then mail verification data is sent to the reception device 120.

In one embodiment of the present invention, at least a portion of the mail verification data includes authenticating data (e.g., image data, audio data, etc.) indicating that the mail ID data has been authenticated. This would allow, for example, the reception device 120 to produce at least one authenticating image on a display and/or perform at least one authenticating sound on a speaker. In another embodiment of the present invention at least a portion of the mail verification data includes securing data (indicating who secured the mail object), sender data (indicating who sent the mail object), recipient data (indicating who is to receive the mail object) and/or additional data (e.g., the contents of the mail object, downloadable product data, sender web-page data, third party advertisements, etc).

In another embodiment of the present invention, the mail ID device and/or the reception device further include an input device (e.g., 118, 124) adapted to receive at least a portion of the mail ID data. It should be appreciated that the input devices depicted and discussed herein (e.g., 118, 124) include, but are not limited to, scanners (e.g., bar code scan-

US 8,260,629 B2

5

ners, etc.), keyboards, RFID readers, smart card readers, IC readers, and all other input devices generally known to those skilled in the art.

In another embodiment of the present invention, the mail ID device further includes an output device 116 adapted to affix (e.g., print, store, etc.) the mail ID data on the mail object. It should be appreciated that affixing the mail ID data on the mail object includes, but is not limited to, printing or attaching mail ID data directly on the outer surface of the mail object or printing/storing the mail ID data on labels, ICs, smart cards, RFID tags, or any other data storage devices (or materials) generally known to those skilled in the art, and attaching them to the outer surface of the mail object. It should further be appreciated that the output device depicted and described herein (e.g., 116) includes, but is not limited to, printers, data storage device (e.g., device capable of storing data on ICs, smart cards, RFID tags, etc.), and all other output devices generally known to those skilled in the art.

In another embodiment of the present invention, as shown in FIG. 3, the reception device 120 further includes a mail authenticating application 122 adapted to receive at least the authenticating portion of the mail ID data from the input device 124 and provide at least the authenticating portion of the mail ID data to the mail ID device. It should be appreciated that the mail authenticating application 122 may exist as a single application, or as multiple applications (locally and/or remotely stored) that operate together to perform the authenticating functions as described herein.

In one embodiment of the present invention, the mail ID data further includes software-booting data adapted to boot the mail authenticating application, an email application and/or a browser application. Either one of these applications could then be used to provide at least an authenticating portion of said mail ID data to said mail ID device, provide additional information to said mail ID device (or the sender of the mail object), and/or receive additional information from either the mail ID device, the sender of the mail object, or a third-party. In another embodiment, the mail verification data further includes software-booting data adapted to boot an email application and/or a browser application. Either one of these applications could then be used to provide additional information to the mail ID device and/or receive additional information from either the mail ID device, the sender of the mail object, or a third party.

In another embodiment of the invention, the reception device 120, or more particularly the mail authenticating application 122 is adapted to provide a reply email to the mail ID device 130 or the sender of the mail object. This reply email may either be sent automatically, to acknowledge the reception of the mail ID data and/or mail verification data, or manually, to allow the recipient to communicate with the mail ID device and/or sender of the mail object. In another embodiment of the invention the mail verification application 112 is adapted to provide the mail verification data to the reception device 120 via an email.

In another embodiment of the present invention, the U.S. Postal Service (or an interim authenticating or screening entity) is the recipient (as defined by this application) of the mail object 130, thus interacting with the reception device 120 to receive mail verification data. If mail is authenticated (or approved in the case of screening), the mail object 130 is forwarded on to the actual intended recipient.

FIG. 4 is a flow chart illustrating one method of providing mail verification data in response to receiving at least a portion of the mail ID data. Specifically, in step 402 mail ID data is affixed to a mail object. At step 404, a verifying portion of the mail ID data is stored in a memory device. The mail object

6

is then delivered to its recipient (or designee) at step 406. At step 408, a reception device receives at least an authenticating portion of the mail ID data. The reception device then provides at least the authenticating portion to a mail ID device at step 410. If the authenticating portion of the mail ID data corresponds to the verifying portion of the mail ID data, then mail verification data is provided to the reception device at step 412. It should be appreciated that storing the verifying portion of the mail ID data before the mail ID data is affixed to the mail object is within the spirit and scope of the present invention.

Having thus described multiple embodiments of a system and method of providing mail verification data in response to receiving mail ID data, it should be apparent to those skilled in the art that certain advantages of the system have been achieved. It should also be appreciated that various modifications, adaptations, and alternative embodiments thereof may be made within the scope and spirit of the present invention. The invention is further defined by the following claims.

What is claimed is:

1. A method for providing electronic data to a recipient of a physical mail object, said electronic data corresponding to a content of said physical mail object, comprising:

affixing a single barcode to an outer surface of said physical mail object, said single barcode including at least a first set of mail data, said first set of mail data including recipient data, said recipient data corresponding to said recipient of said physical mail object;

storing said electronic data in at least one database;

delivering said physical mail object to said recipient via a mail carrier;

using a reception device to scan said single barcode to retrieve said first set of mail data;

sending by said reception device said first set of mail data to a mail device via a network;

receiving by said mail device said first set of mail data;

providing by said mail device said electronic data to said reception device via said network, wherein said electronic data is retrieved from said at least one database and provided to said reception device in response to receiving said first set of mail data, including said recipient data;

receiving by said reception device said electronic data, said reception device including a display; and

providing by said reception device said electronic data to said recipient of said physical mail object by displaying said electronic data on said display via a web browser;

wherein said electronic data corresponds to data that is included inside said physical mail object.

2. The method of claim 1, wherein said step of storing said electronic data in at least one database further comprises storing a second set of mail data in said database, and said step of providing said electronic data to said reception device further comprises providing said electronic data to said reception device if said first set of mail data matches said second set of mail data.

3. The method of claim 1, wherein said first set of mail data further includes at least a network location associated with said electronic data.

4. The method of claim 2, wherein said first set of mail data further includes at least a network location associated with said electronic data.

5. The method of claim 1, wherein said electronic data further includes an advertisement.

6. The method of claim 3, wherein said single barcode further includes at least sender data.

US 8,260,629 B2

7

**7**. The method of claim **6**, wherein said first set of mail data further includes at least sender data, said sender data being provided to said mail device and stored in said at least one database.

**8**. The method of claim **1**, wherein said step of affixing said single barcode to said physical mail object, further comprises affixing said single barcode on a back side of said outer surface of said physical mail object.

**9**. The method of claim **1**, wherein said reception device further includes a speaker, and said step of providing said electronic data to said recipient of said physical mail object further comprises providing said electronic data to said recipient of said physical mail object by displaying a first portion of said electronic data on said display and playing a second portion of said electronic data on said speaker.

**10**. A system for providing electronic data to a recipient of a physical mail object, an outer surface of said physical mail object including a single barcode that includes at least a first set of mail data, comprising:

  at least one database for storing said electronic data;
  a mail device in communication with said database; and
  a reception device having at least a scanner and a display and being in communication with said mail device via a network, said reception device being configured to:
    scan said barcode to retrieve said first set of mail data from said physical mail object, said first set of mail data including recipient data;
    send said first set of mail data to said mail device via said network;
    receive said electronic data from said mail device via said network; and
    display said electronic data on said display via a web browser;
  wherein said electronic data corresponds to an object included inside said physical mail object, and said mail device is further configured to retrieve said electronic data from said at least one database and provide said electronic data to said reception device, said electronic data being provided to said reception device in response to receiving said first set of mail data, including said recipient data, from said reception device.

**11**. The system of claim **10**, wherein said at least one database further stores a second set of mail data, and said mail

8

device is further configured to provide said electronic data to said reception device if said first set of mail data matches said second set of mail data.

**12**. The system of claim **10**, wherein said first set of mail data further includes at least a network location associated with said electronic data.

**13**. The system of claim **11**, wherein said first set of mail data further includes at least a network location associated with said electronic data.

**14**. The system of claim **13**, wherein said electronic data further includes at least an advertisement.

**15**. The system of claim **10**, wherein said single barcode is further affix to a back side of said outer surface of said physical mail object.

**16**. The system of claim **10**, wherein said reception device further includes a speaker, and is further configured to display a first portion of said electronic data on said display and play a second portion of said electronic data on said speaker.

**17**. A system for providing electronic data to a recipient of a physical mail object, an outer surface of said physical mail object including a single barcode that includes at least a first set of mail data, comprising:

  at least one database for storing at least said electronic data; and
  a mail device in communication with said database and a reception device having at least a scanner and a display, said mail device being configured to:
    receive said first set of mail data from said reception device, said first set of mail data including personalized data corresponding to said recipient of said physical mail object; and
    provide said electronic data to said reception device via said network in response to receiving said first set of mail data, said electronic data corresponding to a content of said physical mail object.

**18**. The system of claim **17**, wherein said first set of mail data further includes at least a network location of said electronic data.

**19**. The system of claim **18**, wherein said mail device is further configured to provide said electronic data to said reception device via a web page.

**20**. The system of claim **17**, wherein said mail device is further configured to provide said electronic data to said reception device via an email.

* * * * *

US008429093B2

(12) **United States Patent**
Fitzsimmons

(10) Patent No.:     **US 8,429,093 B2**
(45) Date of Patent:     \*Apr. 23, 2013

(54) **SYSTEM AND METHOD FOR PROVIDING INFORMATION TO A RECIPIENT OF A PHYSICAL MAIL OBJECT**

(76) Inventor: **Todd E. Fitzsimmons**, Long Beach, CA (US)

( \* ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 0 days.

This patent is subject to a terminal disclaimer.

(21) Appl. No.: **13/560,306**

(22) Filed: **Jul. 27, 2012**

(65) **Prior Publication Data**

US 2012/0298739 A1     Nov. 29, 2012

**Related U.S. Application Data**

(63) Continuation of application No. 13/297,515, filed on Nov. 16, 2011, now Pat. No. 8,260,629, which is a continuation of application No. 12/454,052, filed on May 11, 2009, now Pat. No. 8,073,787, which is a continuation of application No. 10/271,471, filed on Oct. 15, 2002, now Pat. No. 7,818, 268.

(60) Provisional application No. 60/330,031, filed on Oct. 16, 2001.

(51) Int. Cl.
*G06Q 30/00*     (2012.01)

(52) **U.S. Cl.**
USPC ............................................................... 705/330

(58) **Field of Classification Search** .................... 705/330
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

2002/0026359 A1 \*   2/2002   Long et al. ...................... 705/14
2006/0106623 A1 \*   5/2006   Lebaschi ......................... 705/1

\* cited by examiner

*Primary Examiner* — John Hayes
*Assistant Examiner* — Allen J Jung

(57)     **ABSTRACT**

A system and method is provided for transmitting information (e.g., an advertisement, content data, etc.) over a wide area network, such as the Internet, in response to receiving at least a portion of mail data. In one embodiment of the present invention, information is stored in a memory. Mail data is then affixed to a mail object (e.g., on the object itself, on an envelope encasing the object, etc.). The mail object is then manually delivered to a recipient. The mail data is then provided to a reception device. The reception device then uses the mail data to retrieve the information from a mail device in communication with the memory. In a preferred embodiment, the mail data includes data corresponding to the recipient of the mail object, and the information corresponds to a content of the mail object.

**28 Claims, 3 Drawing Sheets**





FIG. 1

FIG. 2



FIG. 3



FIG. 4

US 8,429,093 B2

1

# SYSTEM AND METHOD FOR PROVIDING INFORMATION TO A RECIPIENT OF A PHYSICAL MAIL OBJECT

## CROSS-REFERENCE TO RELATED APPLICATION

This application is a continuation of U.S. patent application Ser. No. 13/297,515, filed Nov. 16, 2011 now U.S. Pat. No. 8,260,629, which is a continuation of U.S. patent application Ser. No. 12/454,052, filed May 11, 2009, and issued on Dec. 6, 2011 as U.S. Pat. No. 8,073,787, which is a continuation of U.S. patent application Ser. No. 10/271,471, filed Oct. 15, 2002, and issued on Oct. 19, 2010 as U.S. Pat. No. 7,818,268, which claims the benefit pursuant to 35 U.S.C. §119(e) of U.S. Provisional Patent Application No. 60/330, 031 filed Oct. 16, 2001, which applications are specifically incorporated herein, in their entirety, by reference.

## BACKGROUND OF THE INVENTION

### 1. Field of the Invention

The present invention relates to mail verification, and more particularly to a system and method of authenticating at least one mail object by providing at least a portion of mail identification data over a wide area network, such as the Internet, in order to receive mail verification data.

### 2. Description of Related Art

Currently there are two ways to provided mail objects (e.g., letters, documents, packages, etc.) to an end user; that being electronically (e.g., email, etc.) and through traditional mail services (e.g., U.S. Postal Service, Federal Express, UPS, Courier, etc.). However, because certain mail objects cannot be delivered electronically (either because its impossible or impractical), they are delivered using traditional mail services.

There are several problems with delivering mail objects through traditional mail services. First, the mail object is typically secured inside packaging (e.g., envelops, boxes, etc.) before it is provided to the mail service. Thus, neither the mail service nor the recipient is aware of the contents of the package until such package is opened by the recipient. This creates a problem in that hazardous mail objects (i.e., Anthrax, explosives, etc.) are not detected until they are opened by the recipient, thus exposing the recipient to the hazardous material. It also creates a problem in that mail objects (in general) are not known until they are opened by the recipient, thus making it difficult for the recipient (or his designee) to properly screen, sort or avoid certain mail objects (e.g., offensive mail, annoying mail, etc).

Second, a manually delivered mail object is limited to a one-way provision of a finite set of information and/or products. This becomes problematic when the sender of the mail object is interested in providing or receiving additional information (e.g., product instructions, warranty information, etc.). Finally, contents that can be delivered electronically (e.g., advertisements, software, etc.) are often included in mail objects that are delivered via traditional mail services. The drawback with this is that it increases the cost associated with producing and/or delivering the mail object and increase the size of the mail object. For at least these reasons, a need exists in the industry for a system and method of providing mail verification data in response to receiving mail ID data over a wide area network, such as the Internet.

## SUMMARY OF THE INVENTION

The present invention provides a system and method for providing mail verification data over a wide area network,

2

such as the Internet, in response to receiving and authenticating at least a portion of mail identification (ID) data. Preferred embodiments of the present invention operate in accordance with at least one reception device, a mail identification (ID) device, a memory, and a mail verification application adapted to communicate with the reception device over a wide area network, such as the Internet. Specifically, the mail verification application is adapted to store at least a verifying portion of mail ID data in memory. In one embodiment of the present invention, the verifying portion of the mail ID data includes an identifiable code portion (e.g., an alpha code, a numeric code, an alphanumeric code, a symbolic code, a digital code, etc.), a shipping portion (e.g., ship date, shipping location, shipping method, etc.) and/or a recipient portion (e.g., the recipients name, address, email address, IP address, account number, social security number, etc.). The mail ID data is then affixed to a mail object. The mail object, which may further include a mail-to-address, a return-mail-address, and/or postage, is then manually delivered to a recipient. In one embodiment of the present invention, the mail ID data further includes mail-to-address data, return-mail-address data, and/or postage data.

At least an authenticating portion of the mail ID data is then provided to the reception device. The reception device, which communicates with the mail ID device over a wide area network, transmits at least the authenticating portion of the mail ID data to the mail verification application operating on the mail ID device. The mail verification application then compares the authenticating portion of the mail ID data with the verifying portion stored in memory. If the authenticating portion corresponds to the verifying portion (e.g., matches, is reasonably related, etc.), then mail verification data is sent to the reception device. In one embodiment of the present invention, at least a portion of the mail verification data includes authenticating data (indicating that the mail ID data has been authenticated), securing data (indicating who secured the mail object), sender data (indicating who sent the mail object), recipient data (indicating the intended recipient of the mail object) and/or additional data (e.g., the contents of the mail object, downloadable product data, sender web-page information, third party advertisements, etc).

In one embodiment of the present invention, the mail ID device further includes an input device adapted to provide at least a verifying portion of the mail ID data to the mail verification application and/or an output device adapted to affix the mail ID data on the mail object. In another embodiment of the present invention, the reception device includes an input device adapted for receiving at least an authenticating portion of the mail ID data from the mail object and/or a mail authenticating application adapted to receive at least the authenticating portion of the mail ID data from the input device and provide at least the authenticating portion of the mail ID data to the mail ID device. In another embodiment of the present invention, the U.S. Postal Service (or an interim authenticating or screening entity) is the recipient of the mail object, thus interacting with the reception device to receive mail verification data.

A more complete understanding of the system and method for providing mail verification data in response to receiving at least a portion of mail ID data will be afforded to those skilled in the art, as well as a realization of additional advantages and objects thereof, by a consideration of the following detailed description of the preferred embodiment. Reference will be made to the appended sheets of drawings which will first be described briefly.

## BRIEF DESCRIPTION OF THE DRAWINGS

FIG. 1 illustrates one embodiment of the mail verification system.

US 8,429,093 B2

3

FIG. 2 illustrates a mail ID device communicating with a plurality of reception devices over a wide area network, such as the Internet.

FIG. 3 illustrates one embodiment of the mail ID device and the reception device depicted in FIG. 1.

FIG. 4 is a flow chart illustrating one method of providing mail verification data in response to receiving at least a portion of mail ID data.

DETAILED DESCRIPTION OF THE PREFERRED
EMBODIMENT

The present invention provides a system and method for providing mail verification data over a wide area network, such as the Internet, in response to receiving and authenticating at least a portion of mail identification (ID) data. In the detailed description that follows, like element numerals are used to describe like elements illustrated in one or more figures.

Preferred embodiments of the present invention operate in accordance with at least one reception device, a mail identification (ID) device, a memory, and a mail verification application adapted to communicate with the reception device over a wide area network, such as the Internet. FIG. 1 illustrates one embodiment of the mail verification system 10, which includes a mail ID device 110 and a reception device 120 communicating through a wide area network 102, such as the Internet. It should be appreciate, as depicted in FIG. 2, that the reception device(s) 120 includes, but is not limited to, personal computers, set top boxes, personal digital assistances (PDAs), mobile phones, land-line phones, televisions, bar code readers, and all other physically and wirelessly connected reception devices generally known to those skilled in the art. It should be further appreciated that the number of reception devices 120 depicted in FIGS. 1 and 2 are merely to illustrate how the present invention operates, and are not intended to further limit the present invention.

As shown in FIG. 3, the mail ID device 110 further includes a mail verification application 112 and a memory 114. The mail verification application 112 is adapted to store at least a portion (i.e., a verifying portion) of mail ID data in the memory 114, receive at least a portion (i.e., an authenticating portion) of mail ID data from the reception device 120, and provide mail verification data if the portion of the mail ID data received from the reception device 120 is authenticated. It should be appreciated that the mail verification application 112 may further be adapted to generate the mail ID data and provide it to an external device (e.g., a printer, etc.) or receive at least a verifying portion of mail ID data from an external device (e.g., a scanner, etc.). It should also be appreciated that the mail verification application 112 may exist as a single application, or as multiple applications (locally and/or remotely stored) that operate together to perform the verification functions as described herein. It should further be appreciated that the location of the memory device 114 depicted in FIG. 3 is not intended to further limit the present invention. Thus, a memory device that is, for example, external to the mail ID device 110 is within the spirit and scope of the present invention.

Referring back to FIG. 1, where the dashed arrows indicate data transactions and the solid arrow indicates physical movement, mail ID data 132 is affixed to a mail object 130 (as used in its broader sense to include, but is not limited to, the packaging that surrounds the mail object). It should be appreciated that mail ID data can be encoded/encrypted (e.g., using bar code data, digital data, etc.) to prevent fraudulent usage. It should further be appreciated that affixing the mail ID data

4

132 on the mail object 130 includes, but is not limited to, printing or attaching mail ID data directly on the outer surface of the mail object 130 or printing/storing the mail ID data 132 on labels, ICs, smart cards, RFID tags, or any other data storage devices (or materials) generally known to those skilled in the art, and attaching them to the outer surface of the mail object 130. It should also be appreciated that the location of the mail ID data 132 on the mail object 130 in FIG. 1 is merely to exemplify how the invention operates, and is not intended to further limit the present invention. Thus, affixing the mail ID data 132 in some other location, such as over the sealing flap of an envelope, is within the spirit and scope of this invention.

At least a portion (i.e., a verifying portion) of the mail ID data 132 (either before or after the mail ID data is affixed) is stored in the mail ID device 110, or more particular (as shown in FIG. 3) in a memory 114 located within the mail ID device 110. Specifically, the mail verification application 112 either receives or generates at least the verifying portion of the mail ID data 132. The verifying portion is then stored in the memory 114. In one embodiment of the present invention, the verifying portion of the mail ID data includes a identifiable code portion (e.g., an alpha code, a numeric code, and alpha-numeric code, a symbolic code, a digital code, etc.), a shipping portion (e.g., ship date, shipping location, shipping method, etc.), and/or a recipient portion (e.g., the recipients name, address, email address, IP address, account number, social security number, etc.). The mail object 130, which may further include a mail-to-address 134, a return-mail-address 136, and/or postage 138, can then be manually delivered to a recipient. It should be appreciated that the mail ID data 132 can also be encoded (e.g., in a bar code, etc.) to include mail-to-address data, return-mail-address data, and/or postage data. In other words, for example, mail ID data could be encoded to include both coded data and postage-account data.

Once the recipient (or their designee) receives the mail object 130, at least an authenticating portion of the mail ID data 132 is provided to the reception device 120. The reception device 120, which communicates with the mail ID device 110 over a wide area network 102, transmits at least the authenticating portion of the mail identification data to the mail verification application 112 operating on the mail ID device 110. The mail verification application 112 then compares the authenticating portion of the mail ID data with the verifying portion stored in memory 114. If the received portion is authenticated, or corresponds to the verifying portion (e.g., matches, is reasonably related, etc.), then mail verification data is sent to the reception device 120.

In one embodiment of the present invention, at least a portion of the mail verification data includes authenticating data (e.g., image data, audio data, etc.) indicating that the mail ID data has been authenticated. This would allow, for example, the reception device 120 to produce at least one authenticating image on a display and/or perform at least one authenticating sound on a speaker. In another embodiment of the present invention at least a portion of the mail verification data includes securing data (indicating who secured the mail object), sender data (indicating who sent the mail object), recipient data (indicating who is to receive the mail object) and/or additional data (e.g., the contents of the mail object, downloadable product data, sender web-page data, third party advertisements, etc).

In another embodiment of the present invention, the mail ID device and/or the reception device further include an input device (e.g., 118, 124) adapted to receive at least a portion of the mail ID data. It should be appreciated that that the input devices depicted and discussed herein (e.g., 118, 124)

US 8,429,093 B2

5                                                                                   6

include, but are not limited to, scanners (e.g., bar code scanners, etc.), keyboards, RFID readers, smart card readers, IC readers, and all other input devices generally known to those skilled in the art.

In another embodiment of the present invention, the mail ID device further includes an output device 116 adapted to affix (e.g., print, store, etc.) the mail ID data on the mail object. It should be appreciated that affixing the mail ID data on the mail object includes, but is not limited to, printing or attaching mail ID data directly on the outer surface of the mail object or printing/storing the mail ID data on labels, ICs, smart cards, RFID tags, or any other data storage devices (or materials) generally known to those skilled in the art, and attaching them to the outer surface of the mail object. It should further be appreciated that the output device depicted and described herein (e.g., 116) includes, but is not limited to, printers, data storage device (e.g., device capable of storing data on ICs, smart cards, RFID tags, etc.), and all other output devices generally known to those skilled in the art.

In another embodiment of the present invention, as shown in FIG. 3, the reception device 120 further includes a mail authenticating application 122 adapted to receive at least the authenticating portion of the mail ID data from the input device 124 and provide at least the authenticating portion of the mail ID data to the mail ID device. It should be appreciated that the mail authenticating application 122 may exist as a single application, or as multiple applications (locally and/or remotely stored) that operate together to perform the authenticating functions as described herein.

In one embodiment of the present invention, the mail ID data further includes software-booting data adapted to boot the mail authenticating application, an email application and/or a browser application. Either one of these applications could then be used to provide at least an authenticating portion of said mail ID data to said mail ID device, provide additional information to said mail ID device (or the sender of the mail object), and/or receive additional information from either the mail ID device, the sender of the mail object, or a third-party. In another embodiment, the mail verification data further includes software-booting data adapted to boot an email application and/or a browser application. Either one of these applications could then be used to provide additional information to the mail ID device and/or receive additional information from either the mail ID device, the sender of the mail object, or a third party.

In another embodiment of the invention, the reception device 120, or more particularly the mail authenticating application 122 is adapted to provide a reply email to the mail ID device 130 or the sender of the mail object. This reply email may either be sent automatically, to acknowledge the reception of the mail ID data and/or mail verification data, or manually, to allow the recipient to communicate with the mail ID device and/or sender of the mail object. In another embodiment of the invention the mail verification application 112 is adapted to provide the mail verification data to the reception device 120 via an email.

In another embodiment of the present invention, the U.S. Postal Service (or an interim authenticating or screening entity) is the recipient (as defined by this application) of the mail object 130, thus interacting with the reception device 120 to receive mail verification data. If mail is authenticated (or approved in the case of screening), the mail object 130 is forwarded on to the actual intended recipient.

FIG. 4 is a flow chart illustrating one method of providing mail verification data in response to receiving at least a portion of the mail ID data. Specifically, in step 402 mail ID data is affixed to a mail object. At step 404, a verifying portion of

the mail ID data is stored in a memory device. The mail object is then delivered to its recipient (or designee) at step 406. At step 408, a reception device receives at least an authenticating portion of the mail ID data. The reception device then provides at least the authenticating portion to a mail ID device at step 410. If the authenticating portion of the mail ID data corresponds to the verifying portion of the mail ID data, then mail verification data is provided to the reception device at step 412. It should be appreciated that storing the verifying portion of the mail ID data before the mail ID data is affixed to the mail object is within the spirit and scope of the present invention.

Having thus described multiple embodiments of a system and method of providing mail verification data in response to receiving mail ID data, it should be apparent to those skilled in the art that certain advantages of the system have been achieved. It should also be appreciated that various modifications, adaptations, and alternative embodiments thereof may be made within the scope and spirit of the present invention. The invention is further defined by the following claims.

What is claimed is:

1. A method for providing electronic data to a recipient of a mail object, comprising:

Generating, by a processor, a barcode for a mail object, said barcode including at least a first set of mail data, said first set of mail data including data corresponding to said recipient of said mail object;

affixing said barcode to said mail object;

submitting said mail object to a mail carrier for delivery to said recipient of said mail object;

receiving said first set of mail data, including data corresponding to said recipient of said mail object, from a reception device of said recipient via a network;

providing said electronic data to said reception device via said network in response to receiving said first set of mail data, said electronic data including a content of said mail object;

wherein said reception device displays said electronic data to a recipient of said mail object by displaying said electronic data on a screen of said reception device.

2. The method of claim 1, wherein said first set of mail data further includes at least a network location associated with said electronic data.

3. The method of claim 2, wherein said network location is a personalized network location associated with said recipient of said mail object.

4. The method of claim 1, wherein said electronic data further includes an advertisement.

5. The method of claim 1, wherein said step of submitting said mail object to said mail carrier, further comprises submitting said mail object to said United States Postal Service.

6. The method of claim 1, wherein said step of affixing said barcode to said mail object, further comprises affixing said barcode to an outside and a backside of said mail object.

7. The method of claim 1, wherein said step of affixing said barcode to said mail object, further comprises affixing said barcode to an outside and a front side of said mail object.

8. The method of claim 1, wherein said step of receiving said first set of mail data from said reception device further comprising receiving at substantially the same time additional data from and related to said reception device.

9. The method of claim 1, wherein said reception device is a cellular telephone.

10. A system for providing electronic data to a recipient of a mail object, said mail object including a barcode that includes at least a first set of mail data, comprising:

at least one database for storing at least said electronic data;

US 8,429,093 B2

7

8

a first mail device;

a second mail device; and

at least one application operating on at least said first mail device, said at least one application being configured to:

use at least the first set of mail data to generate said barcode; and

affix said barcode to said mail object, said mail object being submitted to a mail carrier for delivery to a recipient of said mail object;

at least one other application operating on at least said second mail device, said at least one other application being in communication with said database and a reception device of said recipient having at least a scanner and a display, and being configured to:

receive said first set of mail data from said reception device, said first set of mail data including personalized data corresponding to said recipient of said physical mail object; and

provide said electronic data to said reception device via said network in response to receiving said first set of mail data, said electronic data including a content of said physical mail object.

11. The system of claim 10, wherein said first set of mail data further includes at least a network location of said electronic data.

12. The system of claim 11, wherein said network location of said electronic data is a personalized network location associated with said recipient of said mail object.

13. The system of claim 11, wherein said at least one other application is further configured to provide said electronic data to said reception device via a web page.

14. The system of claim 11, wherein said at least one other application is further configured to provide said electronic data to said reception device via an email.

15. The system of claim 10, wherein said at least one other application is further configured to generate an email addressed to the recipient in response to receiving said first set of mail data.

16. The system of claim 11, wherein said at least one application is further configured to affix said barcode to an outside and a backside of said mail object.

17. The system of claim 11, wherein said at least one application is further configured to affix said barcode to an outside and a front side of said mail object.

18. The system of claim 10, wherein said at least one application is further configured to affix said barcode to an outside of said mail object.

19. The system of claim 11, wherein said reception device is a cellular telephone.

20. A system for providing electronic data to a recipient of a mail object, said mail object including a barcode that includes at least a first set of mail data, comprising:

a processor;

at least one database for storing at least said electronic data; and

at least one application operating on at least said processor, configured to:

use at least said first set of mail data to generate said barcode, said first set of mail data including data corresponding to said recipient of said mail object; and

affix the barcode to said mail object, said mail object being submitted to a mail carrier for delivery to said recipient of said mail object;

at least one other application in communication with (i) said database and (ii) a reception device of said recipient having at least a scanner for scanning said barcode and being configured to provide a request for said electronic data in response to retrieving said first set of mail data from said mail object, said at least one other application being configured to:

receive said request for said electronic data from said reception device; and

provide said electronic data to said reception device via a network in response to receiving said request for said electronic data, said electronic data describing a content of said mail object.

21. The system of claim 20, wherein said first set of mail data further includes at least a network location of said electronic data.

22. The system of claim 21, wherein said network location of said electronic data is a personalized network location associated with said recipient of said mail object.

23. The system of claim 20, wherein said at least one other application is further configured to provide said electronic data to said reception device via a web page.

24. The system of claim 20, wherein said at least one other application is further configured to provide said electronic data to said reception device via an email.

25. The system of claim 20, wherein said at least one other application is further configured to generate an email addressed to the recipient in response to receiving said first set of mail data.

26. The system of claim 20, wherein said barcode is affixed to an outer surface of said mail object.

27. The system of claim 26, wherein said barcode is affixed to one of a backside of said mail object and a front side of said mail object.

28. The system of claim 23, wherein said reception device is a cellular telephone.

*   *   *   *   *

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

HARTE-HANKS DIRECT, INC., HARTE-HANKS
DIRECT MARKETING/BALTIMORE, INC., HARTE-
HANKS DIRECT MARKETING/CINCINNATI, INC.,
(SEE ATTACHED ADDITIONAL PLAINTIFFS)

*Plaintiff(s)*

v.

SECURED MAIL SOLUTIONS, INC.,

*Defendant(s)*

)
)
)
)
)
)
)
)
)
)
)

Civil Action No. **SACV13-649 DOC(ANx)**

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Secured Mail Solutions, Inc.
c/o Todd E. Fitzsimmons
237 Lindero Avenue
Long Beach, CA  90803

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you
are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ.
P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of
the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney,
whose name and address are:  Mario Moore (SBN 231644)
Morgan, Lewis & Bockius LLP
5 Park Plaza, Suite 1750
Irvine, CA  92614

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.
You also must file your answer or motion with the court.

CLERK OF COURT

Date:  ___APR 24 2013___     _____
NANCY INTEMIANO
*Signature of Clerk or Deputy Clerk*

ATTACHMENT TO

SUMMONS IN A CIVIL CASE


<u>ADDITIONAL PLAINTIFFS</u>:

HARTE-HANKS DIRECT MARKETING/DALLAS, INC., HARTE-HANKS

DIRECT MARKETING/FULLERTON, INC., HARTE-HANKS DIRECT

MARKETING/JACKSONVILLE, LLC, HARTE-HANKS DIRECT

MARKETING/KANSAS CITY, LLC AND HARTE-HANKS PRINT, INC.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/ 74015643.1

1

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
HARTE-HANKS DIRECT, INC., HARTE-HANKS DIRECT
MARKETING/BALTIMORE, INC., HARTE-HANKS DIRECT
MARKETING/CINCINNATI, INC.,
(SEE ATTACHED ADDITIONAL PLAINTIFFS)

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
SECURED MAIL SOLUTIONS, INC.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you
are representing yourself, provide same.)
MORGAN, LEWIS & BOCKIUS LLP
5 Park Plaza, Suite 1750
Irvine, CA 92614          Tel: 949.399.7000

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you
are representing yourself, provide same.)
O'MELVENY & MYERS
610 Newport Center Dr.
Newport Beach, Ca 92660     Tel: 949.760.9600

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☒ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)
**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☐ No    ☐ **MONEY DEMANDED IN COMPLAINT:** $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☒ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accommodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

FOR OFFICE USE ONLY: Case Number: **SACV13-649 DOC(ANx)**

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES**: Has this action been previously filed in this court and dismissed, remanded or closed?   ☐ NO   ☐ YES

If yes, list case number(s): _____

**VIII(b).  RELATED CASES**: Have any cases been previously filed in this court that are related to the present case?   ☐ NO   ☒ YES

If yes, list case number(s):   8:12-cv-1090-DOC(MLG)

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☒ A.  Arise from the same or closely related transactions, happenings, or events; or

☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE**: (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | Texas, Pennsylvania, Ohio, Florida, Kansas |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | Nevada |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

**X.  SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT)**: _____   DATE:  4/24/13

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

1
ATTACHMENT TO

2
CIVIL COVER SHEET

3

4

ADDITIONAL PLAINTIFFS:

5
HARTE-HANKS DIRECT MARKETING/DALLAS, INC., HARTE-HANKS

6
DIRECT MARKETING/FULLERTON, INC., HARTE-HANKS DIRECT

7
MARKETING/JACKSONVILLE, LLC, HARTE-HANKS DIRECT

8
MARKETING/KANSAS CITY, LLC AND HARTE-HANKS PRINT, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/ 74015643.1

1